## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OSCAR W. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-671-C |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability insurance benefits.  Chief United States District Judge Robin Cauthron  referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The Commissioner has answered and filed the administrative record (hereinafter Tr. ____).  As the parties have briefed their respective positions, the matter is now at issue.  For the following reasons, it is recommended that the decision of the Commissioner be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on February 18, 2003, alleging an inability to work since June 27, 2002, based on post-traumatic stress disorder (PTSD).  Tr. 42, 60.  Plaintiff's application was denied initially and on reconsideration at the administrative level.  Tr. 21, 22, 23-25, 28-29.  Pursuant to Plaintiff's request, a hearing was

held before an administrative law judge on January 19, 2005. Tr. 30, 357-380. Plaintiff

appeared in person with his attorney and offered testimony in support of his application. Tr.

359-74. A vocational expert also testified at the request of the administrative law judge. Tr.

39, 375-80. The administrative law judge issued her decision on February 24, 2005, finding

that Plaintiff was not disabled. Tr. 10-12, 13-19. The Appeals Council denied Plaintiff's

request for review on June 7, 2005, and so the decision of the administrative law judge

thereby became the final decision of the Commissioner. Tr. 5-7.

Plaintiff then appealed pursuant to 42 U.S.C. § 405(g), seeking judicial review of the

final decision of the Commissioner denying his application for disability insurance benefits.

United States District Judge Stephen P. Friot referred the matter to Magistrate Judge Valerie

K. Couch, who issued a Report and Recommendation on April 24, 2006, recommending that

the decision be reversed and the matter remanded for further proceedings on two issues: (1)

for the administrative law judge to clearly indicate how much weight was assigned to the

opinion of Plaintiff's treating psychiatrist, Dr. Sally Varghese, regarding Plaintiff's ability

to do work-related activities and/or to give specific, legitimate reasons for the rejection of

her opinion if that was the finding; and (2) to properly analyze evidence that Plaintiff had

received a 100% disability rating from the Veterans' Administration. Peterson v. Barnhart,

Case No. CIV-05-894-F, Report and Recommendation, p. 6, 7 (W.D. Okla. Apr. 24, 2006)

(Couch, M.J.). That recommendation was adopted by Judge Friot on May 16, 2006, Id. at

slip op. 1 (W.D. Okla. May 16, 2006) (Friot, J.). Thereafter, the Appeals Council vacated

the prior decision of the administrative law judge, and remanded the matter for further

proceedings, including providing Plaintiff with an opportunity for a hearing and to take any other action needed to complete the record and issue a new decision.  Tr. 424.

An additional administrative hearing was conducted on November 9, 2006.  Tr. 463-494.  Plaintiff again appeared with his attorney and testified on his own behalf, and a vocational expert and a medical expert appeared at the request of the administrative law judge for the purpose of giving testimony.  Tr. 429, 444, 467-94.  On December 26, 2006, the administrative law judge issued her decision recommending that benefits again be denied.  Tr. 395-97, 398-406.  With regard to the two issues which had resulted in remand, the administrative law judge found: (1) the opinion of Dr. Varghese was not fully supported by the VA treatment records or her own notes, and was persuasive only insofar as she found Plaintiff to have problems with dealing with the public and supervisors because he does not like to be around people or authority figures, Tr. 405; and (2) the VA's 100% service-connected disability for PTSD was not supported by a psychiatric evaluation that provided a basis for the rating, and Plaintiff's treatment for the condition and his report of symptoms rating did not support functional limitations of a severity to preclude all work due to PTSD despite the VA rating.  Tr. 405.

The Appeals Council denied Plaintiff's request for review on April 28, 2007, and therefore the December 26, 2006, decision of the administrative law judge became final, and is the final decision of the Commissioner now on review.  Tr. 381-83.

3

## II.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process required by 20 C.F.R. § 404.1520. Tr. 399-400. She first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of June 27, 2002.  Tr. 400.  At steps two and three, the administrative law judge determined that Plaintiff suffers from PTSD, anti-social personality disorder and alcohol dependence, all of which she found to be severe impairments, but she found no impairment or combination of impairments to meet or equal the criteria of any listed impairment described in the 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations.  Tr. 400.  At step four, the administrative law judge considered Plaintiff's residual functional capacity (RFC) and determined that Plaintiff has no exertional limitations, and as to nonexertional limitations, that Plaintiff can perform work which requires no more than superficial contact with the public, co-workers and supervisors.  Tr. 401.  Based on this RFC, and the testimony of a vocational expert, the administrative law judge determined that Plaintiff can perform his past relevant work of electrician as it requires no more than superficial contact with others. Tr. 406.

## III.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotations, brackets, and citations omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams, 844 F.2d at 751 and n.2. If the claimant successfully carries his burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity ("RFC") to perform work in the national economy given his age, education, and work experience. Id. at 751.

## IV. PLAINTIFF'S CLAIMS ON APPEAL

On this appeal from the most recent decision of the Commissioner, Plaintiff again raises the same issues which necessitated remand. First, that the administrative law judge erred as a matter of law in failing to properly analyze the medical opinion of his treating physician, Dr. Sally Varghese; and second, that his VA Disability Rating was not properly evaluated.

## V.  DISCUSSION

Plaintiff is a Vietnam veteran who suffers from PTSD.  He sought and received treatment through the United States Department of Veterans Affairs (VA).  In November 2002, the VA rated his disability at 100%, effective June 27, 2002.  Tr. 89-91.  Plaintiff began treatment at the Oklahoma City VA Medical Center on May 31, 2002, including two six-week group counseling sessions for PTSD.  Tr. 187, 219-293.

In January of 2004, Plaintiff requested that a different psychiatrist be assigned to monitor his progress, and Dr. Sally Varghese became Plaintiff's treating psychiatrist.  Tr. 223-224, 277.   On August 20, 2004, Dr. Varghese completed a Medical Assessment of Ability to Do Work-Related Activities (Mental) form at Plaintiff's request.  Tr. 296-298.  In her comments accompanying the form assessment, Dr. Varghese stated that Plaintiff's "memory and concentration are poor" and that "he totally avoids people, and interaction with people causes decompensation."  Tr. 297. Dr. Varghese rated the following categories as "poor/none" on her assessment: ability to deal with the public; ability to use judgment in public; interact with supervisors;  deal with work stress;  function independently;  adjust to complex work instructions; behave in an emotionally stable manner; and, relate predictably to social situations.  Tr. 296-297.

### A.  TREATMENT OF DR. VARGHESE'S OPINION

In her decision, the administrative law judge noted the opinion of Dr. Varghese, but found it to not be fully supported by the VA treatment records or her own treatment notes. Tr. 405.  The administrative law judge found Dr. Varghese's opinion to be supported to the

6

extent that Plaintiff has some limitations in dealing with the public and supervisors because he does not like to be around people and has problems with authority figures. Id.

Plaintiff contends that the reasons the administrative law judge gave for discounting Dr. Varghese's opinion were insufficient, and points to what he claims is considerable evidence supporting her opinion. Plaintiff's Opening Brief, p. 16-18. Plaintiff contends the administrative law judge essentially substituted her own assessment for that of Dr. Varghese, Id. at 17-18, and that because Dr. Varghese's opinion is supported by clinical evidence and not inconsistent with the other evidence, the administrative law judge was required to adopt it. Id. at 21.

In deciding how much weight to give the opinion of a treating physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An administrative law judge must give the opinion of a treating physician controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." Id. (internal quotation marks omitted). Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416. 927." Id. (internal quotation marks omitted). After considering the requisite factors, the administrative law judge must "give good reasons" for the weight she ultimately assigns the opinion. 20 C.F.R. §

404.1527(d)(2).[1]  "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Watkins, 350 F.3d at 1301 (internal quotation marks omitted). The Tenth Circuit Court of Appeals has made it clear that an administrative law judge's failure to delineate her findings regarding the weight given to medical opinions from treating sources is grounds for remand because, without these findings, the decision cannot be properly reviewed. Watkins, 350 F.3d at 1300; Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004) (because the administrative law judge failed to explain or identify claimed inconsistencies, reasons for rejecting that opinion are not "sufficiently specific" to enable meaningful review).

Here, the undersigned finds that the administrative law judge did properly apply the treating physician's rule in this case, and that her finding regarding the weight assigned is supported by substantial evidence.  In her analysis, the administrative law judge first set forth the evidence reflected in records from Plaintiff's PTSD treatment program at the VA Hospital, including a psychiatric assessment by the medical director of the PTSD program, Dr. Emily J. Rosenburg.  Tr. 404.  The administrative law judge noted in particular  Dr. Rosenberg's August 2002 assessment in which she found no indication of memory or concentration problems, and included the following assessments in her mental status

---

[1]Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the administrative law judge's attention which tend to support or contradict the opinion. Id.

examination: immediate good recall;  recent memory good; remote memory good; and attention and concentration good.  Tr. 404. The administrative law judge then discussed the treatment records from Plaintiff's second PTSD program, again reflecting no problems with memory and concentration, as well as the fact that Plaintiff was an active member of the group with good interpersonal skills.  Tr. 405.  Finally, the administrative law judge made the following comments regarding Dr. Varghese:

> The claimant was scheduled to see Dr. Varghese every three to four months following completion of the PTSD program.  Dr. Varghese saw the claimant on three occasions between March 2004 and December 2004.  In March 2004, she reported the claimant reported the second time in the program helped him, and he was actually doing better and taking no medications.  His affect was restricted; he was guarded and did not give much information.  On his last two visits with Dr. Varghese he reported he did not like to come for appointments and that he had some nightmares and flashbacks.  His thoughts were rational, coherent, and logical, and his affect was restricted.
>
> The opinion of Dr. Varghese is not fully supported by the VAMC treatment records or by her own treatment notes.  For example, treatment notes do not support the claimant has problems with memory or concentration as discussed above.   Although the claimant reported he avoids people and is more comfortable at home, he exhibited good interpersonal skills while he was attending PTSD group therapy.  Treatment records do not support interaction with people causes decompensation as reported by Dr. Varghese.
>
> The undersigned concurs with the assessment of Dr. Varghese that the claimant has some limitations in dealing with the public and supervisors because he does not like to be around people and has problems with authority figures.  The evidence does not support, however, that the claimant has problems with memory or concentration that would impact the ability to perform work-related tasks or that he is unable to deal with work stresses or function independently in a work environment.  Therefore, the opinion of Dr. Varghese is persuasive insofar as it is supported by the evidence of record.

Tr. 405.  Accordingly, it is clear from the decision that the administrative law judge did not

give controlling weight to the opinion of Dr. Varghese, and she gave good reasons for the weight ultimately assigned.  Plaintiff argues at length regarding the evidence, giving examples that he claims support the opinion of Dr. Varghese. See Plaintiff's Opening Brief, p. 16-18.  However, the reasons the administrative law judge listed are reasonable in light of the 20 C.F.R. § 404.1527(d)(2) factors, and are supported by the record.  The fact that Plaintiff might be able to find support for Dr. Varghese's opinion elsewhere in the record does not require that her opinion be given controlling weight – there is evidence inconsistent with her opinion as well, as described in detail by the administrative law judge. The undersigned therefore finds Plaintiff's first claim of error to be without merit.

## B.  VA DISABILITY RATING

Plaintiff contends that the administrative law judge again failed to properly analyze the VA's disability rating. Plaintiff's Opening Brief, p. 18-19. The undersigned disagrees.  The Tenth Circuit Court of Appeals has held that "[a]lthough another agency's determination of disability is not binding on the Social Security Administration, . . . it is evidence that the administrative law judge must consider and explain why [she] did not find it persuasive." Grogan v. Barnhart 399 F.3d 1257, 1262-1263 (10th Cir. 2005) (citations omitted). See also 20 C.F.R. § 404.1512(b)(5) (defining the disability determinations of other agencies as evidence to be considered by the Social Security Administration). In her second decision, the administrative law judge noted that she had considered the VA's disability rating, but found that the record evidence did not support a conclusion that Plaintiff was completely precluded from all work activity because of PTSD. Tr. 405.  The administrative law judge further noted

that there was no psychiatric evaluation that provided the basis for the VA disability rating decision, and that other than the two six-week PTSD programs, the record did not reflect that Plaintiff had received any treatment for this condition. 402, 405.

Plaintiff disagrees, claiming that the "VA's PTSD Recovery Program's 'Comprehensive psychiatric assessment'" dated August 28, 2002, is the basis for the decision. Plaintiff's Opening Brief, p. 19. First, the undersigned would have to assume that the psychiatric assessment in question is the medical documentation supporting the VA's disability decision, because it is nowhere stated to be the basis for it. Second, if it is the basis for the rating, the administrative law judge already considered this evidence in reaching her own RFC finding. In sum, the decision reflects that adequate consideration was given to Plaintiff's VA disability rating, and no error occurred in this regard.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 7, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 17th day of June, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE